[Civ. No. 1551. Fourth Appellate District.—December 11, 1935.]

ERNEST BAUM, Appellant, v. WILLIS N. VANATTA et al., Respondents.

[Civ. No. 1552. Fourth Appellate District.—December 11, 1935.]

ERNEST BAUM, Appellant, v. WILLIS N. VANATTA et al., Respondents.

Fred A. Wilson for Appellant.

Swing & Swing for Respondents.

BARNARD, P. J.—These two actions were tried together and have been presented here upon one set of briefs. In the one action it was sought to enjoin the defendants from constructing or selling to anyone other than the plaintiff any machines of a certain type to be used for the purpose of curling human hair and, in the other action, the plaintiff sought to obtain possession of the dies used by the defendants in making these machines.

The plaintiff alleged that he was in the business of manufacturing and selling appliances and supplies for use in beauty parlors; that in September, 1927, he engaged the defendant Willis N. Vanatta, who will herein be referred to as the defendant and respondent, to construct a machine designed to produce the permanent waving of human hair by a method known as the "spiral method"; that the defendant constructed such a machine in accordance with ideas and specifications provided by the plaintiff; that the plaintiff then engaged the defendant to construct all of such machines which the plaintiff might require in his business under an

agreement that the defendant would make and construct such machines exclusively for the plaintiff and in conformity with such improvements as thereafter might be specified by the plaintiff; that on July 1, 1928, the plaintiff engaged the defendant to make another machine for the permanent waving of human hair by the method known as the "croquignole method", to be made in conformity with the ideas and specifications provided by the plaintiff; that the defendant constructed and improved such a machine all in conformity with the ideas and specifications of the plaintiff; that the plaintiff paid for the dies necessary in the construction of such machines; that the parties then entered into an agreement by which the defendant agreed to make and construct such machines exclusively for the plaintiff and in conformity with any improvements, ideas and specifications suggested by the plaintiff; that the defendant continued to construct said machines for the plaintiff until December, 1932, when he refused to make any more machines for the plaintiff; that the plaintiff spent a large sum of money in advertising and developing his business; and that the defendant has been injuring said business by selling these machines to other persons.

The defendant, in his answer, denied that any ideas or specifications for any of these machines were furnished by the plaintiff and denied the existence of any contract or agreement under which the machines were to be exclusively constructed for and sold to the plaintiff. It is further alleged that these machines were constructed in accordance with a new method of applying heat in the curling of hair, that this method was originated by the defendant and developed by his experiments and with his ideas, that he had taken out and owned a patent on this improved heater, and that the dies belonged to him.

The court found in all respects in favor of the defendants and, among other things, found that the device which was here in question was designed, invented and patented by the defendant, that he is the owner of such patent and has the exclusive right to make and sell such devices, that the plaintiff has no right, title or interest in or to said patent and that the plaintiff has no right to have such machines made and sold to him exclusively. From the judgments entered in the two actions the plaintiff has appealed.

■ The appellant contends that he was the inventor of the device in question, that he engaged the respondent to construct the machine in accordance with his ideas and specifications, that the respondent secretly took out a patent on the invention, that since he engaged and employed the respondent to construct the machine for him he is the equitable owner of the patent and that it would constitute unfair competition to permit the respondent to make such machines and sell them to others.

Many cases are cited in which it has been held that equity will grant relief against unfair competition, and will compel the assignment of a patent, where the circumstances warrant such action. These cases have no application here if the court's findings are correct. These findings are not directly attacked and while the appellant points out certain portions of the evidence which tend to support his contentions along these lines a reading of the transcript discloses that the court's full and complete findings, in favor of the respondent in all of these matters, are abundantly supported by the evidence.

■ The appellant further contends that, in any event, he was permitted by the respondent to use this patent, that he built up his business of selling these machines at a large expenditure of money, and that under these circumstances he has a parol license to continue to use the patent which is irrevocable. Reliance is placed upon such cases as *Neon Signal Devices* v. *Alpha-Claude Neon Corp.*, 54 Fed. (2d) 793, involving an acquiescence on the part of the inventor in the use of an invention by another. No such a situation appears here. The appellant bought machines from the respondent for resale purposes, and did not use this invention until after the respondent ceased to sell machines to him and then, as found by the court, he used it wrongfully and without authority. The doctrine of an irrevocable license to continue to use a patent cannot be sustained under the findings and evidence here. We are unable to find any evidence sufficient to show that the respondent permitted the appellant to use the patent, or the existence of any agreement between them giving the appellant the exclusive right to purchase the machines or making it incumbent upon the respondent to continue to manufacture and sell them to the appellant. It would appear from the evidence that the re-

spondent conceived the idea which was new in this device long before he met the appellant, that he subsequently developed it himself, that there was no general agreement between the parties, that the respondent merely manufactured and sold machines to the appellant as they were ordered by him, and that the break in their relations came when the appellant failed to order any more machines and failed to pay for some he had already received.

The judgment in each action is affirmed.

Marks, J., and Jennings, J., concurred.